## GOWER *v.* DAVIS COAL & COKE COMPANY

[No. 73, October Term, 1950.]

*Decided January 10, 1951.*

54

■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Edward J. Ryan* and *William L. Wilson* for the appellant.

*Theodore C. Waters* and *Theodore C. Waters, Jr.*, with whom were *William A. Gunter* and *Mullikin, Stockbridge & Waters* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

Appellant was employed by appellee. From August, 1935, to November, 1941, this employment was under conditions which resulted in his suffering from silicosis, although this was not immediately discovered. He had been in the employ of appellee since 1916, and he so remained until 1943, although under different conditions after 1941. The appellee had mines in both Maryland and West Virginia, but appellant's exposure to silicon dioxide dust was in Maryland, from 1935 to 1941. From 1941 to 1943, he worked as an electrician in appellee's mine in West Virginia, and it does not appear that this work exposed him to the dust. In 1942, he and other employees of the appellee then working in West Virginia, were examined in what was apparently a routine periodic check-up. The examining physicians reported to the company on September 19, 1942, that the appellant was

"a stage 1 silicosis", (sic.) but this information was not given to the appellant. He went on a vacation in 1943 without notice to his employer. When he returned, he applied for work, but was not taken back. In 1945, he started working as a truck driver, but in December, 1948, he had to stop work on the advice of his doctor. He went to a hospital in West Virginia in 1949, and it was in May of that year that he was first informed that he had silicosis. Thereupon he promptly filed his claim with the State Industrial Accident Commission.

The Accident Commission referred the claim to the Medical Board for occupational diseases and a hearing was held before the Board. The Board found that he contracted silicosis in the course of his employment by the appellee, that the appellee had notice in 1942 that he had such a disease, that the symptoms came on insidiously between 1942 and 1943, and no precise date of its onset could be determined, except that he did have it at the date of the physician's report on September 19, 1942. The Board also found that he had total permanent disability as a result. In answer to the question of the date of the beginning of such disability, the Board said: "According to the advice of Dr. Physookic of Thomas, West Virginia, the claimant was unfit to do work *of any kind* as from December, 1948." (Emphasis supplied.) The Board also found that November 18, 1941, was the last day appellant worked in the Maryland mine of the appellee, and was injuriously exposed to silicon dioxide in Maryland. This report was filed with the Commission, but no petition for a review was filed within the time prescribed by law, and the Commission therefore affirmed the decision of the Medical Board. The Commission found as a fact that the appellee had notice of appellant's disease on September 19, 1942, but did not so inform him, and that he did not know he had it until about the date of filing his claim on April 20, 1949; that the date of the first manifestation was sometime in 1942, his total disability began on December 22, 1948, and he was last exposed to silicon dioxide dust on November

18, 1941. The Commission, however, decided that the employer was not entitled to the defense which it raised that the total disability did not result within three years after appellant's last exposure to the disease, because it was estopped by its failure to tell the appellant in 1942 that he was suffering from it. The Commission therefore found for the claimant and awarded him compensation for total disability.

An appeal was taken to the Circuit Court for Allegany County by the employer. On that appeal the court found that since the appellant's total disability did not occur within three years after his last exposure, the law prohibited him from recovery, and therefore reversed the award of the Commission. From its order so holding, the appellant appealed here.

Prior to the Act of 1939, Chapter 465, occupational diseases were not compensable in this State unless they had some connection with accidental injuries. *Victory Sparkler & Specialty Co. v. Francks*, 147 Md. 368, 128 A. 635, 44 A. L. R. 363. That act listed thirty-four occupational diseases and provided that an employee who was subject to exposure to any of them in an occupation or process listed opposite to the description of each disease in the statute should be deemed to be engaged in an extra hazardous employment, and compensation should be payable for disability or death of an employee resulting from one of these diseases. Other diseases were added by the Act of 1945, Chapter 463. The statute is now codified as Sections 21 to 30, both inclusive, of Article 101 of the 1947 Supplement to the Code. Section 22 provides that when an employee suffers from one of the occupational diseases listed, and "is thereby disabled from performing his work in the last occupation in which he was injuriously exposed to the hazards of such disease * * * and the disease was due to the nature of an occupation * * * described in Section 21 hereof, in which he was employed within the period previous to his disablement as limited in Sections 23 and 24 hereof", he shall be entitled to compensation as

if such disablement were an injury by accident. Section 23 provides that an employer shall not be liable for compensation for an occupational disease unless disablement results "within three (3) years in case of silicosis or asbestosis, or one (1) year in case of any other occupational disease, after the last injurious exposure to such disease" in his employment. Section 24 makes further provisions with respect to silicosis and asbestosis, both of which are treated differently from other occupational diseases. In Section 24, it is specifically provided that "Compensation shall not be payable for partial disability due to silicosis or asbestosis." There is a Medical Board provided for, and every claim for compensation for an occupational disease must be referred by the Accident Commission to such Medical Board, except where there is no controverted medical issue. (Sec. 28) The Medical Board files its findings with the Commission, and a copy is required to be sent to the parties. In the event that no petition for review is filed with the Commission by any of them within thirty days, the Commission shall render its decision "which shall conform to the findings in such report and the decision of the Medical Board as to medical questions." (Sec. 29) The findings of fact of the Commission in such a case are not subject to be reviewed, or to be set aside, reversed, or modified. (Sec. 29) We have recently construed this last provision, and held that the Commission has the power to review the findings of the Medical Board, and the finality, so far as the Legislature could prescribe it, attaches to the decision of the Commission and not to the decision of the Medical Board. *Bethlehem-Sparrows Point Shipyard, Inc. v. Bishop*, 189 Md. 147, 154, 55 A. 2d 507; *Consolidation Coal Co. v. Porter*, 192 Md. 494, 499, 64 A. 2d 715, 718.

The principal contention of the appellant is that the appellee is estopped from invoking the three-year provision because it did not notify the appellant that he had silicosis in 1942, at which time he contends he

could have filed his claim. He relies upon the case of *Consolidation Coal Co. v. Porter, supra.* In that case, the question was whether the appellee gave written notice to his employer within ten days after the first distinct manifestation of silicosis, and whether he filed his claim within one year from the date when he knew that he was suffering from that disease. We held that the words of the statute with respect to notice and filing of a claim mean that limitations start to run from the time an employee knew, or had reason to believe, he was suffering from an occupational disease, but we are not dealing, in the case before us, with the questions of notice or of the time for filing a claim, which an employer can be estopped by his actions from raising. We are dealing with a specific statement in the statute that silicosis is not compensable unless disablement results within three years after the last injurious exposure in his employment. Silicosis is not compensable except in accordance with the occupational disease statute, and is only compensable as provided by that statute. The employer cannot enlarge the words of the statute by his actions, and the burden is upon the employee to show that he comes within the provisions of the statute. In this case, the finding of the Commission is that the total disablement of the employee began in December, 1948, and he was last injuriously exposed in November, 1941.

While there can be no compensation for partial disability occasioned by silicosis, the definition of disability is different from that in accident cases in that it is defined in Section 22 as disablement "from performing his work in the last occupation in which he was injuriously exposed to the hazards of such disease." Total disability in accident cases under the decisions of this court is incapacity to do further work of any kind. An employee may be entirely unable to go to work in the occupation in which he acquired silicosis, and therefore may be totally disabled under the statute, while he can earn as much, or perhaps more, in some other occupation. Appellant must be compensated under the definition in

the statute, if at all, and we do not understand him to attack its validity. (See IV Md. Law Rev. 133, note 157-158). But because he became silicotic in 1942, he urges that at that time he was totally disabled under the statute, and if he had known that fact, he could have filed his claim then, and received compensation, and that he was prevented from filing his claim by the action of the appellee. The difficulty with this contention is that it is based entirely on speculation and not upon any facts. The report of the Medical Board and the decision of the Commission, which is made final as to factual matters, is that his total disability did not result within three years after his last exposure to the disease. It is true the Commission says that had the claimant been informed in December, 1942, "he undoubtedly would have been found to be totally disabled", but there is no basis in fact whatever for this statement. It has never been held that the minute an employee is affected by silicosis, he is totally disabled, and the Act itself negatives this construction. It clearly shows that there is such a thing as partial disability from silicosis because it states that there shall be no recovery for such disability. Therefore, the burden was upon the appellant to show that he actually was totally disabled under the statute in 1942. This he has not shown, and what evidence there is is to the contrary. The Medical Board found that he was not totally disabled until 1948, although their finding was based upon the report of a West Virginia physician and evidently was upon the theory that disability meant inability to work at all. The appellant did work in other occupations and has offered no proof that he could not continue to work at his former occupation after 1942. In fact, he did work at his former occupation until 1943 and then apparently took a vacation on his own, and was not re-employed when he came back, although he wanted to be.

The appellant says that the Commission's finding is binding upon the court. If this is so, then the appellant was found to be totally disabled in 1948 and his last

employment was in 1942 or 1943. The finding as to
1948, however, is based upon an erroneous conception of
law, as we have shown, and is clearly reviewable. If
it is disregarded, then there is no date on which the
appellant is shown to be totally disabled, and the Com-
mission's finding that he would have been so held in
1942 is not a decision on a question of fact at all, but
is a conclusion based upon a view which the Commission
apparently held that since there could be no partial dis-
ability in silicosis cases, a silicotic became permanently
disabled the minute he contracted the disease. We have
no medical authority for such a statement, and, as we
have shown, it was not the view taken by the Legislature
because it recognized that there could be such a thing as
partial disability in silicosis cases. If, therefore, we
accept the Commission's finding as to the date of ap-
pellant's total disability, it did not occur within three
years after his last exposure in the mine of appellee,
and if we disregard it, we have no evidence at all to
show when his disability became total under the definition
of the statute.

The appellee refers us to the statutes of thirteen other
states which also require total disability from silicosis
for a claim to be compensable, and states that many
silicotics may still be profitably engaged without any
demonstrable evidence of disability. It states that limita-
tion provisions similar to those in the Maryland statute
are also usual, and refers us to decisions in other states
which uphold them. We do not find it necessary to
consider these contentions or these cases, because our
statute is plain and unambiguous and requires no con-
struction. We have nothing before us to show why the
Legislature declined to permit cases of partial disability
from silicosis to be compensated, and we see no occasion
to speculate about it. It may be presumed that the
Commission which investigated the matter and drafted
the statute, and the Legislature which passed it, did
not idly put in such a provision without reason. The
Legislature made the distinction, and whatever were

its reasons and whatever were the reasons of the other legislatures in the other states, these are questions which are not before us in this case.

Our conclusion is that the action of the Circuit Court for Allegany County in reversing the award of the State Industrial Accident Commission was correct, and therefore the order of the court will be affirmed.

*Order affirmed with costs.*